UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

PATRICK LINDERMAN,
    Plaintiff,

v.     No. 5:17-cv-01120

READING TRUCK BODY, LLC,
    Defendant.

**O P I N I O N**
**Defendant's Motion to Dismiss, ECF No. 9 – Granted in part and Denied in part**

**Joseph F. Leeson, Jr.**      **September 29, 2017**
**United States District Judge**

## I.   INTRODUCTION

Plaintiff Patrick Linderman initiated this action against his former employer, Defendant Reading Truck Body, LLC, alleging that he suffered adverse employment actions in response to his alleged disability, request for accommodation, and FMLA[1] qualified leave. Defendant has filed a partial Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 9. As discussed herein, the motion is granted with respect to Linderman's FMLA claim because he failed to allege sufficient facts to show a causal connection between the exercise of his FMLA rights and his termination. The motion is also granted to the extent that the ADA[2] and PHRA[3] claims could be read as asserting an independent claim for failure to engage in the interactive process, and granted as to any request for punitive damages in Counts IV and V because such damages are not recoverable under the PHRA.

---

[1]   Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA").
[2]   Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("ADA").
[3]   Pennsylvania Human Relations Act, 43 Pa. Stat. §§ 951-963 ("PHRA").

## II. BACKGROUND

Defendant's Motion to Dismiss[4] is separated into three arguments: (1) Linderman's FMLA retaliation claim in Count I should be dismissed for his failure to allege facts supporting a causal connection between the exercise of his FMLA rights and any adverse action;[5] (2) the ADA and PHRA claims (Counts II and IV) should be dismissed to the extent that Linderman alleges failure to engage in the interactive process as a stand-alone claim or theory of liability; and (3) the request for punitive damages and non-pecuniary compensatory damages should be dismissed from Count I, and the request for punitive damages should be dismissed from Counts IV and V because such damages are not recoverable under the FMLA and PHRA.

This Opinion focuses on Defendant's first argument because Linderman concedes that he may not assert an independent claim for failure to engage in the interactive process under either the ADA or PHRA, and asserts that he only made such allegations to support the failure to accommodate claims. Similarly, Linderman attests that he is not seeking punitive damages and non-pecuniary compensatory damages under the FMLA, nor punitive damages under the PHRA.

The relevant dates for this discussion are as follows:[6] Linderman was employed with Defendant from on or about December 13, 1999, through March 20, 2015. Am. Compl. ¶ 10, ECF No. 8. In early April 2014, Linderman requested FMLA leave for his disability: bone spurs

---

[4] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] "To prevail on a retaliation claim under the FMLA, the plaintiff must prove that (1) [he] invoked [his] right to FMLA-qualifying leave, (2) [he] suffered an adverse employment decision, and (3) the adverse action was causally related to [his] invocation of rights." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301-02 (3d Cir. 2012).

[6] In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).

of the hip. *Id.* ¶¶ 12-13. He was approved for, and took, FMLA leave from April 10, 2014, through October 14, 2014. *Id.* ¶ 14. At the time his FMLA leave expired, Linderman continued to suffer extreme pain and was granted an extended medical leave of absence through February 8, 2015. *Id.* ¶ 15. When he returned to work on February 9, 2015, a coworker called him a "fat lazy fuck" and repeated this insult daily even after Linderman complained to his Group Leader, who assured Linderman he would take corrective action. *Id.* ¶¶ 18-20.

On February 24, 2015, Linderman began experiencing pain in his knee, for which he had an MRI. *Id.* ¶¶ 21-22. His doctor advised him to take a medical leave of absence from February 26, 2015, through March 1, 2015, which Linderman relayed to Defendant's Human Resources Director and was granted. *Id.* ¶ 23. Due to pain, Linderman was unable to work on March 2, 2015, and he had to leave work early on March 3, 2015, to seek additional medical treatment. *Id.* ¶¶ 24-25. Linderman's doctor directed him to take another medical leave of absence from March 2, 2015, through March 8, 2015, which Defendant approved. *Id.* ¶ 26. Then, on March 12, 2015, Linderman underwent an MRI, after which his doctor diagnosed Linderman with a stress fracture and instructed him to commence a four-week medical leave of absence. *Id.* ¶ 28. On March 12 and 13, 2015, Linderman and the Human Resources Director exchanged phone messages about his requests, and on March 16, 2015, the Human Resources Director informed Linderman that he was no longer her responsibility and referred him to Defendant's Attendance Coordinator. *Id.* ¶¶ 29-31. That day, Linderman advised the Attendance Coordinator of his need for a reasonable accommodation in the form of four weeks of non-FMLA medical leave. *Id.* ¶ 32. On March 22, 2015, Defendant's Human Resources Director informed Linderman that he was terminated for failing to report off from work after March 12, 2015. *Id.* ¶ 33.

## III. ANALYSIS

The "case law has focused on two main factors in finding the causal link necessary for retaliation: timing and evidence of ongoing antagonism." *Abramson v. William Paterson College*, 260 F.3d 265, 288 (3d Cir. 2001). *See also Kachmar v. Sungard Data Sys.*, 109 F.3d 173, 177 (3d Cir. 1997) (holding that the requisite causal connection can be established by (1) temporal proximity between the protected activity and the adverse employment action, (2) circumstantial evidence of a "pattern of antagonism" following the protected conduct, or (3) where the proffered evidence, looked at as a whole, suffices to raise the inference). Temporal proximity alone will only establish a causal link if the timing of the alleged retaliatory action is "unusually suggestive of retaliatory motive." *Williams v. Phila. Hous. Auth. Police Dept.*, 380 F.3d 751, 760 (3d Cir. 2004).

Here, approximately eleven months passed from the time Linderman requested FMLA leave, and a little more than five months passed from the date he returned from FMLA leave, until the day he was terminated. This timing, alone, is not sufficient show a causal link. *See Williams*, 380 F.3d at 760 (finding that two months is not unusually suggestive); *New-Howard v. Shinseki*, No. 09-5350, 2012 U.S. Dist. LEXIS 86063, at *77-78 (E.D. Pa. June 21, 2012) (finding that the amount of time that passed between the plaintiff's protected activity on July 29, 2005, and the alleged retaliatory action when the plaintiff returned to work on August 15, 2005, "was too attenuated in time to suggest that proximity in time alone can evidence a causal connection"). Consequently, Linderman asks the Court to find that the derogatory name he was repeatedly called by a coworker, as well as the Group Leader's failure to take corrective action to end the behavior, is sufficient to establish the causal link. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 922 (3d Cir. 1997) ("[E]vidence of condoned harassment can support an inference by

the fact-finder that the employee, having failed to respond to the harassment, also engaged in retaliatory conduct against the plaintiff."). Considering these additional allegations, the Court finds that Linderman's factual allegations do not show a causal connection.

The alleged criticism of Linderman was made by a coworker, not by someone with decision-making authority. *See Ellison v. Oaks 422 LLC*, No. 11-2943, 2012 U.S. Dist. LEXIS 34976, at *21 (E.D. Pa. Mar. 15, 2012) ("Animosity from coworkers cannot constitute retaliation because coworkers do not have any authority to carry out an adverse employment action."). Additionally, there are no allegations that the Group Leader, to whom Linderman complained about the insult, was in any way involved with either Linderman's leave requests or termination decision. The Third Circuit Court of Appeals has "held that stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of the decision." *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 333 (3d Cir. 1995). Notably, Linderman had just returned from an almost four-month-long non-FMLA leave of absence when the derogatory name was first used, and he took several other non-FMLA leaves of absence before his termination. *See Davis v. Thomas Jefferson Univ.*, No. 14-4300, 2015 U.S. Dist. LEXIS 88975, at *21-22 (E.D. Pa. July 8, 2015) (concluding that the plaintiff, who remained out of work on non-FMLA leave until his termination, "failed to show the causal connection between the reason for his FMLA leave and his termination" because his termination less than three months after his FMLA leave expired was "too attenuated for there to be a causal connection" and "was a direct result of Defendant's refusal to consider his request for sedentary work or to extend his employer-granted medical leave by nine days").

Considering the five-month delay between the expiration of Linderman's FMLA leave and his termination, the fact that Defendant approved repeated requests for non-FMLA medical leave in this time, the weakness of any connection between the derogatory name and Linderman's exercise of his FMLA rights, and the absence of any pattern of antagonism by any persons with decision-making authority, this Court concludes that Linderman has failed to allege sufficient facts to show a causal connection to support his FMLA retaliation claim. *See Worthington v. Chester Downs & Marina, LLC*, No. 17-1360, 2017 U.S. Dist. LEXIS 127710, at *12 (E.D. Pa. Aug. 11, 2017) (reasoning that "Plaintiff does not allege any other facts that would show a causal connection, such as any negative comments from decision makers, a culture against FMLA leave, or a pattern of antagonism against FMLA leave requests or to Plaintiff personally"). Because the deficiencies discussed herein were brought to counsel's attention by Defendant's first motion to dismiss, but were not corrected in the subsequently filed Amended Complaint, and Linderman has not alluded to any additional factual allegations that would support his claim, the FMLA claim is dismissed with prejudice.[7] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that leave to amend should be granted "unless it would be inequitable or futile").

## IV. CONCLUSION

Linderman has failed to allege facts that would show a causal connection between the exercise of his FMLA rights and his termination five months later; therefore, the motion to dismiss this claim is granted and Count I is dismissed with prejudice. Additionally, because Linderman concedes that he may not assert an independent claim for failure to engage in the interactive process under either the ADA or PHRA, and asserts that he only made such

---

[7] Linderman's ADA retaliation claim remains viable.

allegations to support the failure to accommodate claims, Defendant's motion is granted in this respect.  Similarly, because Linderman attests that he is not seeking punitive damages under the PHRA, the motion to dismiss a punitive damages request in Counts IV and V is granted.

      A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*  
JOSEPH F. LEESON, JR.  
United States District Court